(120 So. 306)

**BURROW v. STATE. (8 Div. 773.)**

Court of Appeals of Alabama.   Feb. 12, 1929.

Williams & Chenault, of Russellville, for appellant.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

RICE, J.   Section 301 of the Alabama School Code of 1927, compiled by Hon. Harwell G. Davis, adopted by an Act of the Legislature of Alabama approved August 27, 1927, provides as follows:

"301. *Ages of Children Required to Attend School.*—Every child between the ages of seven and sixteen years shall be required to attend a public school, private school, denominational school, parochial school, or be instructed by a competent private tutor, for the entire length of the school term in every scholastic year."

Section 305 of the above Code is in the following language:

"305. *Person Loco Parentis Responsible for Child's Attendance.*—Each parent, guardian, or other person having control or charge of any child required to attend school or be regularly instructed by a private tutor, who fails to have such child enrolled in school or who fails to send such child to school or have him instructed by a private tutor during the time such child is required to attend a public school, private school, denominational school, or parochial school, or be instructed by a private tutor, or fails to require such child to regularly attend such school or tutor, or fails to compel such child to properly conduct himself as a pupil, shall be guilty of a misdemeanor, and upon conviction shall be fined not more than one hundred ($100.00) dollars, and may also be sentenced to hard labor for the County for not more than ninety (90) days. The absence of a child without the consent of the principal teacher of the school he attends or should attend, or the tutor who instructs or should instruct such child shall be prima facie evidence of the violation of this section."

And section 314 of the said Code is in these words:

"314. *Cases of Non-Enrollment and Non-Attendance.*—It shall be the duty of the County Superintendent of Education or the City Superintendent of Schools, as the case may be, to require the attendance officer to investigate all cases of non-enrollment and of non-attendance. In all cases investigated where no valid reason for non-enrollment or non-attendance is found, the attendance officer shall give written notice to the parent, guardian, or other person having control of the child, and in the event of the absence of the parent, guardian or other person having control of the child, from his or her usual place of residence, the attendance officer shall leave a copy of the notice with some person over twelve years of age residing at the usual place of residence, with instructions to hand such notice to such parent, guardian, or other person having control of such child, which notice shall require the attendance of said child at the school within three days from date of said notice. In the event the investigation discloses that the non-enrollment or non-attendance was without valid excuse or good reason, and intentional, the attendance officer shall be required to bring criminal prosecution against the parent, guardian, or other person having control of the child."

We have set out above the sections of the Alabama School Code of 1927 which have to do, in a vital way, with this prosecution, instituted in the county court of Lawrence county, against this appellant, because of our impression that the general public may not be familiar with said enactments. Other sections of the same Code have a bearing on the case made against the appellant, but will be referred to herein merely by number.

As we read and understand the record before us, this prosecution was begun by affidavit and warrant, made before, and issued by, the judge of the county court of Lawrence county, said warrant or writ of arrest being returnable before W. R. Jackson, judge of the county court, charging appellant, in accordance with section 314 of the Alabama School Code, supra, with a violation of the terms of section 305 of the said Code.

The evidence describes the W. R. Johnson, who made the affidavit, as being the "truant officer to look after the attendance of the children in school in Hickory Grove district" (in Lawrence county, of course). This evidence was in no way controverted, so we may assume that the said W. R. Johnson was regularly appointed by the county board of education of Lawrence county, in accordance with section 317 of the Alabama School Code, supra, and that this prosecution was begun by one of the parties upon whom the duty of instituting such prosecutions is exclusively conferred by section 324 of the said School Code.

Section 320 of the same School Code provides that the juvenile court of the county shall have original and exclusive jurisdiction of all such prosecutions. True, the county court of Lawrence county is composed in exactly the same way, and of the same officers, as the juvenile court of Lawrence county (see Local Acts of Ala. 1919, p. 86, and Code 1923, § 3529), and no question was raised in the court below as to the jurisdiction of the court trying and convicting appellant, but to here treat the case as though it was, for all practical purposes, tried in the juvenile court, would bring up the question, Where is the authority for appealing from the judgment of conviction there rendered direct to this court? Of course, there would be none, and the appeal would have to be dismissed. We prefer to hold and do hold that the pertinent terms of Code 1923, § 3529, were not strictly complied with, in the trial of this case in the court below, as was mandatory under the terms of section 320 of the Alabama School Code, supra, and that hence the county court of Lawrence county had no jurisdiction to try the appellant. This being true, the judgment of conviction is void, and will not support an appeal, and the same is hereby dismissed.

Appeal dismissed.